FILED

2010 MAY -7 AM 9:56

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SD COASTLINE LP,<br><br>　　　　　Plaintiff,<br>vs.<br>EVANGELINE MURPHEY; et al.,<br><br>　　　　　Defendants. | CASE NO. 10-cv-0858 BEN (AJB)<br><br>ORDER REMANDING CASE |

    For the reasons set forth herein, the Court remands sua sponte the above-captioned action to San Diego Superior Court, East County Division.

    This action is an unlawful detainer action initially filed in San Diego Superior Court, East County Division. The Complaint alleges that Plaintiff is the bona-fide purchaser of real property located in Spring Valley, California, at a non-judicial foreclosure sale. (Compl,. ¶ 4.) Plaintiff alleges it served Defendants with written notice to vacate the property, but Defendants failed to vacate the property and continue to fail to vacate the property. (*Id.* at ¶¶ 6-8.) Plaintiff seeks, among other things, possession of the property and payment for the reasonable rental value of the property.

    On April 23, 2010, Defendant filed a Notice of Removal in this Court, thereby removing the action to this Court. (Docket No. 1.)

    Section 1447(c) of title 28 of the United States Code provides "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be

1  remanded." 28 U.S.C. § 1447(c).  After reviewing the Complaint, the Court finds it lacks subject
2  matter jurisdiction.  Plaintiff's claims do not arise under federal law, nor do the parties have diversity
3  of citizenship.  To the extent Defendant argues in the Notice of Removal that various lending
4  institutions have violated the FDCPA, RESPA and TILA, the Court notes that no party has pled those
5  claims in this action; therefore, those claims cannot serve as a basis for jurisdiction.  The Court also
6  notes that Defendant's removal may be defective in that the Notice of Removal was filed by the
7  purported trustee of Defendant's living trust, but the trustee has not been substituted into the case.
8  In any event, because this Court does not have subject matter jurisdiction, the case must be remanded
9  to State Court.

10  In light of the above, the Court hereby remands this case sua sponte to the San Diego Superior
11  Court, East County Division.
12  **IT IS SO ORDERED**.
13  Date: May 6, 2010

Hon. Roger T. Benitez
United States District Court Judge